**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 07a0662n.06**
**Filed: September 5, 2007**

**No. 06-6296**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **LAVERNE T. WALKER**, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellant, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE MIDDLE |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| **SHERRY HOPPE, et al.**, | ) | **M E M O R A N D U M** |
| | ) | **O P I N I O N** |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **AUSTIN PEAY STATE UNIVERSITY**, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

**BEFORE:** **GUY, ROGERS, and McKEAGUE, Circuit Judges.**

**PER CURIAM**. In this action for discrimination in employment under Title VII of the Civil Rights Act of 1964, plaintiff Laverne T. Walker appeals from award of summary judgment in favor of her former employer, Austin Peay State University. The district court determined that plaintiff's claims, for retaliation and hostile work environment, were time-barred because she failed to file her required discrimination charge with the Equal Employment Opportunity Commission within the 300-day period prescribed by 42 U.S.C. § 2000e-5(e).

*No. 06-6296*
*Walker v. Austin Peay State University*

On appeal, plaintiff has merely reiterated arguments directly addressed and correctly rejected by the district court without identifying how the district court erred. In fact, the reasoning employed in the decisions primarily and properly relied on by the district court, *Delaware State College v. Ricks*, 449 U.S. 250, 256-58 (1980), and *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002), has recently been reaffirmed by the Supreme Court in *Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 127 S.Ct. 2162 (2007):

> The EEOC charging period is triggered when a discrete unlawful practice takes place. A new violation does not occur, and a new charging period does not commence, upon the occurrence of subsequent nondiscriminatory acts that entail adverse effects resulting from the past discrimination. But of course, if an employer engages in a series of acts each of which is intentionally discriminatory, then a fresh violation takes place when each act is committed.

*Id*. at 2168-69. *See also, Cox v. City of Memphis*, 230 F.3d 199, 202-03 (6th Cir. 2000) (accord).

Accordingly, plaintiff's retaliatory discharge claim is time-barred because the claim accrued when she, on June 17, 2002, received notice of her impending termination (i.e., not on July 18, 2002, when her termination became effective), more than 300 days prior to the May 6, 2003 filing of her EEOC charge. Further, her hostile work environment claim is time-barred because plaintiff has failed to specifically identify any intentionally discriminatory act by defendant that occurred within 300 days prior to the filing of her EEOC charge.

We find no error in the district court's judgment. It is therefore **AFFIRMED**.